**IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION**

**UNITED STATES OF AMERICA**                              **PLAINTIFF**

v.                                Cr. No. 4:13-cr-40021

**LAQUAN D. HAYNES**                                      **DEFENDANT**

## ORDER OF DETENTION

**BEFORE** the Court is the Motion for Release of the Defendant. ECF No. 7. The motion has been referred to the undersigned for decision.

Defendant appeared at his initial appearance, after being charged by complaint (ECF No. 1) on August 15, 2013. ECF No. 4. Defendant was appointed counsel and waived the issues of probable cause and detention. An Order of Detention was entered on August 15, 2013. ECF No. 6. On August 26, 2013, Defendant filed the instant Motion for Release from Custody. ECF No. 7. On August 30, 2013, the Court conducted a hearing regarding this matter pursuant to 18 U.S.C. § 3142. The Court makes the following findings of fact:

1. The Defendant is charged by Complaint with conspiracy to distribute more than 500 grams of methamphetamine. This is a crime involving a controlled substance or violence for which a presumption of detention applies pursuant to 18 U.S.C. § 3142(e)(2).

2. Pursuant to the Government's proffer, Defendant was identified during an August 2012 Federal drug investigation as a primary distributor of methamphetamine in the Hope Arkansas area. Defendant was identified by at least two confidential informants and on a telephone wire tap. The Court also finds the facts set out in the Affidavit in support of the complaint to be established for the purposes of this detention hearing. *See* ECF No. 1, p. 3-4. Defendant was arrested on August 13,

2013, and gave statement to law enforcement admitting his conduct in the offense charged.

3. The arresting officer, Arkansas State Trooper, Travis Hale, testified he made the initial arrest of Defendant on August 13, 2013. Trooper Hale had no knowledge of the underlying offense charged. He testified Defendant did not resist arrest or attempt to flee.

4. David Scott and Lamario Henderson both testified on behalf of Defendant. Both Scott and Henderson testified they were friends of Defendant and had known him for years. Scott testified he witnessed the arrest of Defendant on August 13, 2013, but had no knowledge of the underlying charges. Scott further testified Defendant has three minor children and is a life time resident of Hope, Arkansas. Scott stated he did not believe Defendant was a danger or a flight risk. Henderson testified he owned the vehicle Defendant was driving at the time of the arrest. Henderson also stated he did not believe Defendant was a danger or a flight risk.

5. Defendant's father, Willie Haynes, testified. Mr. Haynes stated Defendant has lived in Hope, Arkansas his entire life. He also stated Defendant had three minor children. Mr. Haynes agreed to allow Defendant to reside with him if released. Mr. Haynes indicated he talked to Defendant just after his arrest, and the Defendant may have asked him to move some United States Currency from one place to another. He stated he did put about $200.00 in Defendant's jail account in the days following his arrest. Mr. Haynes did not recall if Defendant also asked him to move a firearm following Defendant's arrest. Mr. Haynes said he was aware Defendant was on parole but had never seen him with any drugs.

6. Mr. Reuben Johnson was called to testify on behalf of Defendant. Mr. Johnson is director of the Gyst House, a private inpatient drug counseling and rehabilitation facility in Little Rock. Mr. Johnson stated Defendant would be allowed to reside there if released. Qyst House is not a lock down facility, and patients have the ability to leave if they so desire. Mr. Johnson stated he would

notify the Court if Defendant failed to comply with the facilities rules and regulations.

7. The Court considered the Pre-Trial Services Report (PTSR) of the United States Probation Office which recommends detention without bond in this case. The PTSR indicated Defendant had at least five (5) prior felony drug convictions, at least nine (9) prior convictions for failure to appear, fleeing or failure to comply with a court order. The PTSR indicates Defendant was on parole at the time the instant offense was alleged to have occurred. Further, the PTSR indicates Defendant resisted arrest on several occasions. Finally, the PTSR notes Defendant tested positive for the use of controlled substances on numerous occasions while on either parole or probation prior to his arrest in this case.

The Court finds the foregoing facts have been established for the purposes of this Detention Hearing, and has considered all of the above information in accordance with the factors set out in 18 U.S.C. § 3142(g). Defendant is charged with a drug crime and presumptively should be detained. Defendant has not overcome this presumption. All of the evidence before the Court indicates Defendant is likely guilty of the crime charged. Distribution of controlled substances, particularly methamphetamine, are inherently dangerous to the community. Defendant was on parole at the time of the alleged offense, and has fled from or resisted law enforcement on many occasions in the past. While he is a life time resident of Hope, Arkansas, he has not shown an inclination to comply with past directives of the criminal justice system. Accordingly, I find by clear and convincing evidence there are no condition or set of conditions which will reasonably assure the safety of the community or other persons should the Defendant be released. Further, the Court finds by a preponderance of the evidence there is a reasonable risk the Defendant will flee or fail to appear as ordered by this Court if he were released.

**IT IS ORDERED** the Motion for Release from Custody (ECF No. 7) is DENIED and the

Defendant is remanded to the custody of the U.S. Marshal to await trial. Defendant shall be afforded reasonable opportunity for private consultation with counsel.

**IT IS SO ORDERED** this **23rd day of September 2013.**

 /s/ Barry A. Bryant
HONORABLE BARRY A. BRYANT
UNITED STATES MAGISTRATE